UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT E. DAVIS,        ) | |
|     Plaintiff,        ) | |
| ) | |
| vs.        ) | 1:07-cv-890-WTL-TAB |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of the   ) | |
| Social Security Administration,        ) | |
|     Defendant.        ) | |

## ORDER ON PLAINTIFF'S PETITION FOR ATTORNEY FEES

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), plaintiff, Robert E. Davis, has petitioned the Court for attorney fees totaling $3,931.81. Under the EAJA, this Court may award attorney's fees where (1) the claimant is a "prevailing party," (2) the government was not substantially justified in its position, (3) no "special circumstances" make an award unjust, and (4) the fee application is timely and supported by an itemized statement. *Conrad v. Barnhart*, 434 F.3d 987, 989 (7th Cir. 2006). The only dispute in this case is the second factor.

The government's position is substantially justified if it has a reasonable basis in law and fact. *See id.* at 990. The government has the burden of demonstrating that its position was substantially justified, and it must do so by showing (1) a reasonable basis in truth for the facts alleged, (2) a reasonable basis in law for the theory propounded, and (3) a reasonable connection between the facts alleged and the theory. *See id.* EAJA fees may be awarded if the government's pre-litigation conduct, including the ALJ decision, or its litigation position are not substantially justified. *See id.* However, this Court is charged with making a single determination on that issue for the entire civil action. *See id.*

Here, the Commissioner offers two brief points in opposition to the petition. First, the Commissioner seizes upon the Court's comment in the Entry on Judicial Review about this being a "close case" and notes that there is no evidence that Davis attended a scheduled appointment with North Arlington Community Health Center for Davis's action tremors in his right hand and knee problems. Second, the Commissioner simply states, without further argument or development, that the ALJ's disability determination and the Commissioner's litigation position with respect to that determination were substantially justified.

The Court cannot conclude that the Commissioner has met is burden of demonstrating that its position was substantially justified. Regarding the Court's comment in the Entry on Judicial Review, it is taken somewhat out of context, perhaps because a better choice of words could have been used to explain the Court's position. To clarify, the Court did not intend to convey that the ultimate remedy was a close one. Instead, the Court was attempting to convey the difficulty of addressing the first part of the burden-shifting approach discussed in *Binion v. Shalala*, 13 F.3d 243, 245-46 (7th Cir. 1994), *i.e.*, whether the Commissioner had made a sufficient showing that the ALJ adequately developed the record. A finding on this point was rendered more complex when the circumstances of this case were viewed with an eye toward the deferential standards for developing the record. However, while the Court was not convinced that the Commissioner met its burden on this point, the conclusion was somewhat irrelevant because it was clear that Davis could show that he was prejudiced. Specifically, the ALJ failed to elicit all of the relevant information from Davis after the ALJ represented that he had reviewed Davis's record for gaps, but then did not even inquire about recent treatment for action tremors when he should have been prompted to do so by Davis's testimony that the condition was getting worse. Because there was an obvious failure to ensure a

valid waiver of counsel, a point essentially conceded by the Commissioner before this Court, the ALJ owed a higher duty to Davis, one that was not met and where the burden of doing so was quite low. As for the Commissioner's argument that the ALJ's disability determination was substantially justified, the Court respectfully disagrees. If the ALJ's denial of a *pro se* claimant's claim was reached on a less than fully-developed record and in the absence of a valid waiver of counsel, the Court cannot say that it was substantially justified. There can be confidence in the fairness of such a determination where the ALJ has breached this heightened duty of developing the record. The situation is akin to those where an ALJ ignores evidence contrary to his conclusion without providing any explanation that can be reviewed. Therefore, regardless of the reasonableness of the Commissioner's litigation position, it is the agency action itself that was not justified in this case. The ALJ's failure to fully-develop the record in this case resulted in unwarranted delay of the proceedings, expense, and significant time for all concerned. Accordingly, the Court concludes that an award of fees is proper in this case. *See, e.g.*, *McDonald v. Sec'y of Helath & Human Servs.*, 884 F.2d 1468, 1476 (1st Cir. 1989) (finding that fee award was proper where underlying agency action not substantially justified, notwithstanding the purported reasonableness of the litigation position).

## **CONCLUSION**

For the foregoing reasons, plaintiff's, Robert E. Davis, Petition for Attorney Fees Under the Equal Access to Justice Act is **GRANTED**. Plaintiff is awarded the sum of $3,931.81.

IT IS SO ORDERED: 04/02/2009

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov